UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE MONROE GRANT,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:18-cv-1889 DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition filed July 5, 2018, petitioner challenges the prison's refusal to apply California's Proposition 57 to his case and eliminate his sentence enhancements for earlier parole consideration.

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A petition for a writ of habeas corpus is not appropriate for an action which would not necessarily result in a speedier release from prison. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016). That is the case here. Proposition 57, passed by California voters in 2016,

changed California's parole eligibility rules. Specifically, it added section 32 to article I of the California Constitution. That section provides, in pertinent part:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.

Cal. Const., art. I, § 32.

Because earlier parole consideration does not necessarily mean speedier release from prison, petitioner's claims do not fall within the "core of habeas" and must be brought, if at all, as a civil rights action under 42 U.S.C. § 1983. Nettles, 830 F.3d at 934-35; see also Solano v. Calif. Substance Abuse Treat. Fac., No. CV 17-2671-RGK (AGR), 2017 WL 5640920, at *1-2 (C.D. Cal. Oct. 24, 2017) (habeas claims regarding Prop. 57 should be brought in § 1983 action), rep. and reco. adopted, 2017 WL 5641027 (C.D. Cal. Nov. 21, 2017); McCarary v. Kernan, No. 2:17-cv-1944 KJN P, 2017 WL 4539992, at *2 (E.D. Cal. Oct. 11, 2017) (challenge to applicability of Prop. 57 properly brought in civil rights action).

In an appropriate case, a habeas petition may be construed as a section 1983 complaint. Nettles, 830 F.3d at 935-36. However, the court notes that there are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from

income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, rather than construe the petition as a civil rights action, the court will give petitioner an opportunity to amend to assert a claim under 42 U.S.C. § 1983 if he chooses.

When determining whether to proceed with a civil rights action, the court provides petitioner with one warning about the merits of his case. Proposition 57 applies only to nonviolent felonies. "For purposes of Proposition 57, violent felonies are defined in California Penal Code § 667.5(c)." McCarary v. Kernan, No. 2:17-cv-1944 KJN P, 2017 WL 4539992, at *2 (E.D. Cal. Oct. 11, 2017) (citing People v. Harris, 2017 WL 423084, at *2 (Cal. App. 2017)). First degree burglary where there was another person in the residence qualifies as a violent felony under § 667.5(c)(21). According to the Court of Appeal's decision in petitioner's case, the victim was present in the home during the burglary. People v. Grant, No. E050108, 2011 WL 675961, at *1-2 (Cal. Ct. App. Feb. 25, 2011). Thus, it appears likely that petitioner's conviction for first degree burglary renders him ineligible for parole consideration under Proposition 57.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The petition is dismissed without prejudice. Petitioner may amend his pleading and present his Proposition 57 claim in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition. The Clerk of Court shall send petitioner a blank civil rights complaint form along with a copy of this order.

2. Should petitioner choose to amend and present this claim in a civil rights action, he must file a civil rights complaint within thirty days of the filed date of this order. Petitioner is advised that he must make the complaint a stand-alone pleading. The court cannot refer to petitioner's dismissed habeas petition in order to make the complaint complete. Local Rule 220 requires that a new complaint be complete in itself without reference to any prior pleading.

3. If petitioner chooses not to amend to assert his Proposition 57 claim under 42 U.S.C. § 1983, he should file a notice of voluntary dismissal under Federal Rule of Civil

Procedure 41(a)(1). Petitioner's failure to file a complaint or otherwise respond to this order will result in a recommendation that his action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

Dated: October 29, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/gran1889.scrn

4